

# NUMBER 13-24-00238-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

SAUL VANEGAS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

---

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice Fonseca**

Appellant Saul Vanegas pleaded guilty to driving while intoxicated, third or more offense, a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b). On March 22, 2018, the trial court adjudicated appellant guilty, sentenced him to ten years' imprisonment, suspended the sentence, and placed him on community supervision for ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.053(a). The State filed a motion to revoke in May

2018, alleging appellant violated various terms and conditions of his community supervision; the trial court denied the motion but directed appellant to serve a term of confinement in the Nueces County Substance Abuse Treatment Facility. *See id.* art. 42A.051(b). The State filed another motion to revoke in August 2023; the trial court again denied the motion but ordered that appellant serve thirty days in the Nueces County Jail. *See id.*

The State filed a third motion to revoke on December 22, 2023, alleging that appellant violated his community supervision terms by, among other things, committing the criminal offense of terroristic threat, using methamphetamine, and failing to report to his probation officer. At a hearing, the State abandoned the terroristic threat allegation and appellant pleaded true to the remaining allegations. The trial court revoked appellant's community supervision and sentenced him to five years' imprisonment, per the State's recommendation, with credit for time served.

Appellant's court-appointed appellate counsel has filed a brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

## I. *ANDERS* BRIEF

Counsel states in his brief that he has diligently reviewed the entire record and that "no non-frivolous basis for appeal exists." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex.

2

Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and motion to withdraw; (2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response,[1] to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. In this case, appellant did not file a motion seeking pro se access to the appellate record and did not file a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found

---

[1] An appellant's pro se response following the filing of an *Anders* brief "need not comply with the rules of appellate procedure in order to be considered[; r]ather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this memorandum opinion.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

4

## IV. CONCLUSION

The trial court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of July, 2025.

5